IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SA LUXURY EXPEDITIONS LLC, a
California limited liability company,

    Plaintiff,

v.

LATIN AMERICA FOR LESS, LLC,
a Texas limited liability company,
BERNARD SCHLEIEN, an individual,
a/k/a Jose Castrellon, and DOES 1–10,
inclusive,

    Defendants.

No. C 14-04085 WHA

**ORDER ON MOTION BY
LATIN AMERICA FOR LESS, LLC
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND
CONTINUING HEARING**

## INTRODUCTION

In this action involving alleged false advertising and computer fraud and abuse, one defendant moves to dismiss for lack of personal jurisdiction. For the reasons stated herein, the motion is **HELD IN ABEYANCE**. The December 4 hearing is hereby **CONTINUED TO JANUARY 29, 2015**.

## STATEMENT

Both plaintiff SA Luxury Expeditions LLC and defendant Latin America for Less, LLC ("LAFL") allegedly compete in selling travel services and expeditions to South America (Comp. ¶¶ 1, 16, 23).

In April 2012, defendant Bernard Schleien (who has not yet appeared) and defendant LAFL allegedly began a series of "malicious attacks" against plaintiff, including posting "fake consumer reviews," creating a website containing "defamatory content," submitting to plaintiff "fake customer leads," creating "spam links" to plaintiff's website, filing a fraudulent trademark

application, engaging in "click fraud" with respect to plaintiff's online advertisements, attempting to hack plaintiff's servers, and so forth (Comp. ¶ 3).

In September 2014, plaintiff commenced this action alleging the following claims for relief: (1) false advertising; (2–3) fraud; (4) violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030; and (5) interference with business expectancy.

In October 2014, defendant LAFL moved to dismiss for lack of personal jurisdiction. The motion argued that LAFL was a "Texas corporation organized and existing under the laws of the State of Delaware" with a "headquarters and principal place of business in Round Rock, Texas" (Br. 3). Two declarations were filed in support of the motion. The first declaration, from the owner of LAFL, stated only that "Latin America for Less, LLC does not have in California any employees, real estate, or personal property, nor did it in 2012 through 2013" (McClellan Decl. ¶ 3). The second declaration, from counsel, appended corporate information for plaintiff (not defendant) (Wei Exhs. A–B).

In opposition, plaintiff argued, *inter alia*, that LAFL purposely availed itself to the laws of California by "using California resources to engage in a variety of misconduct targeted at California consumers" (Opp. 1).

In reply, LAFL argued that plaintiff provided no evidence that "LAFL alone registered [the] fake accounts," that "LAFL alone put up fake reviews," that "LAFL alone allegedly made false and disparaging statement about Plaintiff," that "LAFL alone" misdirected internet traffic, and that "LAFL alone submitted any false customer leads to Plaintiff's website," and so forth (Reply 3–4). LAFL further argued that it did not know of plaintiff's principal place of business until it was served with the complaint. LAFL also argued that it would not be reasonable for it to defend itself in California since its owner would be "forced to spend a significant amount of money on airfare" (Reply 5). A reply declaration was submitted from the "sole owner and employee" of LAFL, David McClellan, which stated (McClellan Decl. ¶¶ 3–5, 8, 13, 16, 18):

> 3. [Defendant] Bernard Schelein has not been an owner, officer, or employee of Latin America For Less, LLC for the years referenced in Plaintiffs' [sic] Complaint (2010–2013).
>
> 4. Latin America For Less, LLC does not have in California any employees, real estate, or personal property and has not for any

2

time in the years referenced in Plaintiffs' [sic] Complaint (2010–2013).

5.  I, David McClellan, in my representative capacity as the sole owner of Latin America For Less, LLC, have never visited California or actively conducted business in California for the years referenced in Plaintiffs' [sic] Complaint (2010–2013).

\*       \*       \*

8.  Latin America For Less, LLC engages in the operation of a passive collections company that does not advertise in any specific location for the years referenced in Plaintiffs' [sic] Complaint (2010–2013).

\*       \*       \*

13.  Latin America For Less, LLC as simply a collections company, alone or through its sole owner and employee never submitted or authorized the submission of any false customer leads on Plaintiff's website for the years referenced in Plaintiffs' [sic] Complaint (2010–2013).

\*       \*       \*

16.  Latin America For Less, LLC as simply a collections company, alone or through its sole owner and employee never engaged in clicking on Plaintiff's online advertisements or authorized such action for the years referenced in Plaintiffs' [sic] Complaint (2010–2013).

\*       \*       \*

18.  Latin America For Less, LLC as simply a collections company, alone or through its sole owner and employee never has never [sic] posted or authorized the posting of any reviews of any other travel agency on any other website for the years referenced in Plaintiffs' [sic] Complaint (2010–2013).

**ANALYSIS**

Personal jurisdiction may exist if the non-resident defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice" (specific jurisdiction). *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Plaintiff bears the burden of demonstrating that personal jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

The parties agree that there is no general jurisdiction over LAFL (Br. 4, Opp. 8). Where the parties disagree is whether there is specific jurisdiction over LAFL. The problem, however, is

3

that plaintiff's opposition contains a lot of attorney argument lacking evidentiary support and defendant's declarations dodge the key issues with artful wording. Accordingly, this order finds that discovery is needed to clarify the issue of personal jurisdiction.

## CONCLUSION

For the reasons discussed, LAFL's motion to dismiss for lack of personal jurisdiction is **HELD IN ABEYANCE**. The December 4 hearing is hereby **CONTINUED TO JANUARY 29, 2015 AT 8:00 A.M.** The parties shall conduct discovery on whether there is personal jurisdiction, and on that specific issue, each side can take up to three depositions over a total of nine hours (not counting breaks). In addition, each side may request a reasonable and limited number of documents, up to nine narrowly and reasonably-directed document requests. Please note that if the discovery sought has a substantial relation to the issue of personal jurisdiction, it shall not be a proper objection that the discovery sought also bears upon the merits.

LAFL's supplemental brief is due by **JANUARY 8, 2015**. Plaintiff's response is due by **JANUARY 15, 2015**. The parties shall append all relevant declarations, portions of deposition transcripts, and documents regarding jurisdiction. No replies, please. An initial case management conference is set for **JANUARY 29, 2015 AT 8:00 A.M.** Please report to Courtroom 8, on the 19th Floor, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102. Please file a joint case management statement at least seven days before the conference. The joint case management conference should identify when and where each named defendant was served. All initial disclosures under Rule 26 must be completed by **JANUARY 8, 2015**, on pain of preclusion under Rule 37(c), including full and faithful compliance with Rule 26(a)(1)(A)(iii).

**IT IS SO ORDERED.**

Dated: November 12, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE