IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SA LUXURY EXPEDITIONS, LLC, a
California limited liability company,

    Plaintiff,

  v.

LATIN AMERICA FOR LESS, LLC, a
Texas limited liability company,
BERNARD SCHLEIEN, an individual, *aka*
Jose Castrellon, and DOES 1–10, inclusive,

    Defendants.

No. C 14-04085 WHA

**ORDER GRANTING LEAVE TO SERVE DEFENDANT BRENDAN SCHLEIEN BY ALTERNATIVE MEANS**

## INTRODUCTION

In this action involving unfair competition and computer fraud and abuse, plaintiff seeks leave to serve a defendant residing in a foreign country by alternative means pursuant to Rule 4(f)(3). For the reasons stated below, plaintiff's motion is **GRANTED**.

## STATEMENT

Plaintiff SA Luxury Expeditions, LLC, is a travel agency that sells travel services and expeditions to South America. Defendant Bernard Schleien is an individual residing in Peru who competes with plaintiff. SA Luxury claims Schleien has posted fake reviews, filed a fraudulent trademark application, and engaged in other unfair and fraudulent conduct that caused harm to SA Luxury.

SA Luxury has sought to serve Schleien by way of letters rogatory pursuant to the Inter-American Convention on Letters Rogatory, which provides for service of documents by a

foreign country's central authority. ABC Legal Services, Inc., the contractor that the United States employs to effect service under this protocol, sent the request to serve Schleien to the central authority in Peru on December 18, 2014. SA Luxury has contacted the Peruvian Ministry of Justice and the Supreme Court of Peru, but has not been able to obtain a status update.

At a case management conference for this action, the Court ordered SA Luxury to submit a draft of a letter to be sent to the Peruvian Central Authority requesting a status update regarding the letters rogatory. The Court requested that SA Luxury submit a Spanish translation of that letter. SA Luxury provided a translation, however the undersigned was not comfortable signing a letter in an unfamiliar language.

SA Luxury now moves for leave to serve Schleien by alternative means pursuant to Rule 4(f)(3). The only defendants that have been served in this action have been dismissed. Accordingly, there is no opposition to SA Luxury's motion.

**ANALYSIS**

Service of an individual in a foreign country is governed by Rule 4(f) which states:

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served at a place not within any judicial district of the United States:
>
> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> ***
>
> (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f)(3) permits service by alternative means only if such means are not prohibited by international agreement. Both Peru and the United States are signatories to the Inter–American Convention on Letters Rogatory, Jan. 30, 1975, S. Treaty Doc. No. 98–27, 1438 U.N.T.S. 287. Both nations are also signatories to the Additional Protocol to the Inter-American Convention on Letters Rogatory, May 8, 1979, S. Treaty Doc. No. 98–27, 1438 U.N.T.S. 332. Peru is not a signatory to the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents in Civil Matters. No other international agreement governs the service of process for

litigation in the United States on parties located in Peru.  Although the Inter-American Convention and the Additional Protocol provide for the service of process by way of letters rogatory, every court that has addressed the question has found that the convention and additional protocol do not preclude service by other means.  *E.g.*, *Krierman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 647 (5th Cir. 1994).  Our court of appeals has not addressed the scope of the Inter-American Convention or the Additional Protocol.  Having reviewed the Inter-American Convention and the Additional Protocol and with the benefit of persuasive authority, this order finds that alternative service of process on a party residing in Peru is not prohibited by international agreement.

Our court of appeals has held that "court-directed service under Rule 4(f)(3) is as favored as service available under Rule (f)(1) . . . ."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  Although a party moving for alternative service need not exhaust all other methods of service before a court will order alternative service, the movant must demonstrate "that the facts and the circumstances of the . . . case necessitate[] the district court's intervention."  *Id.* at 1015–16.  SA Luxury has diligently pursued service by letters rogatory, sought status updates on that process (to no avail), and sought this Court's intervention.  The international service representative responsible for transmitting the letters rogatory herein averred that service in Peru will take 6–18 months, but could take up to three years (Hawkins Decl. ¶ 7).  Meanwhile, SA Luxury claims that Schleien has continued his misconduct to the detriment of SA Luxury's business.  In light of the alleged ongoing harm to SA Luxury and the protracted process for serving Schleien by letters rogatory, alternative service is justified.

Finally, an alternative method of service must comport with Constitutional notions of due process and must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio*, 284 F.3d at 1016.  SA Luxury proposes to serve Schleien by personal service equivalent to the procedures detailed in Rule 4(e)(2):

> (A) delivering a copy of the summons and of the complaint to the individual personally;

3

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

This order finds the proposed means of service, which mirror those permitted by the Federal Rules of Civil Procedure, comport with due process and are reasonably calculated to apprise Schleien of the pendency of this action and will afford him an opportunity to present a defense. Accordingly, SA Luxury may effect service by the proposed means.

## CONCLUSION

For the reasons stated above, SA Luxury's motion for leave to serve defendant Bernard Schleien by alternative means is hereby **GRANTED**. The hearing scheduled for August 27 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 19, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4